**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RICHARD J. BOWER                                                                                            PLAINTIFF
ADC #144498

V.                                                  NO: 5:11CV00248 HDY

WENDY KELLEY                                                                                              DEFENDANT

## ORDER

Plaintiff Richard J. Bower, currently incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC") filed this complaint on September 21, 2011, alleging that he was being denied adequate medical care for his dentures. On October 17, 2011, Defendant Wendy Kelley filed a motion to dismiss, along with a brief in support (docket entries #7 & #8). Plaintiff filed a response and brief in support on October 25, 2011 (docket entries #12 & #13). In his response, Plaintiff included a motion to amend to add additional parties.

### I. Standard of review

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state

a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

According to Plaintiff's complaint, medical personnel at the ADC did not remove his dentures to clean them for more than two years, which resulted in him having poor dental health and two infections. Kelley asserts that Plaintiff's claims against her should be dismissed because he named her only in her official capacity, and, because she does not provide dental care herself, any dental claims should be brought against the dental providers themselves.

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of

treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)). As Kelley notes, Plaintiff asserted in his complaint that medical officials were unable to locate tools to adjust the dentures, and advised him to have the implants removed. Although Plaintiff did not consent to the removal, his decision to not follow the medical providers' recommendation does not mean that Kelley was deliberately indifferent to his medical needs. Kelley is not a medical provider, and had no role in devising Plaintiff's treatment plan. There is no allegation in Plaintiff's complaint, or in his response to her motion, to suggest that Kelley had any role in denying or delaying medical treatment. Accordingly, Kelley's motion to dismiss will be granted.

As part of his response to Kelley's motion to dismiss, Plaintiff has moved to amend his complaint to name as new Defendants Mrs. Asutin, a Cummins Unit case administrator, Dr. Zoldessy, a dentist, and a John Doe dentist. Plaintiff's motion to amend will be granted, and he may proceed with his claims against Asutin, Zoldessy, and Doe. Plaintiff has also filed a motion for summary judgment (docket entry #16) asserting that his dentures have now been fixed, and the only issue remaining is his claim for damages.[1] According to Plaintiff, the fact that the dentures were fixed shortly after he filed his lawsuit demonstrates that medical providers were not really interested in fixing the problem. Because Plaintiff's motion offers only conclusory allegations against unnamed parties, it must be denied. Furthermore, a motion for summary judgment is premature at this point, as neither Asutin, Zoldessy, nor Doe, have been served with, or responded to, Plaintiff's complaint.

---

[1] Plaintiff originally sought an order directing the ADC to find the appropriate tool to tighten his dentures, as well as damages.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.The motion to dismiss filed by Defendant Wendy Kelley (docket entry #7) is GRANTED, Plaintiff's claims against Kelley are DISMISSED WITH PREJUDICE, and Kelley's name is removed as a party Defendant.

2.Plaintiff's motion to amend (docket entry #12) is GRANTED, and the Clerk is directed to add as Defendants Asutin, Zoldessy, and Doe.

3.Service is appropriate for appropriate for Asutin and Zoldessy, and the United States Marshal is directed to serve a copy of the complaint (docket entry #2), amendment (docket entry #12), this order, and summons, upon them, without prepayment of fees and costs or security therefor.

4.Plaintiff's motion for summary judgment (docket entry #16) is DENIED.

DATED this __30__ day of November, 2011.

_____
UNITED STATES MAGISTRATE JUDGE