**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RICHARD J. BOWER                                                                                         PLAINTIFF
ADC #144498

V.                                              NO: 5:11CV00248 HDY

WENDY KELLEY *et al.*                                                                                  DEFENDANTS

**ORDER**

Plaintiff Richard J. Bower, currently incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC") filed this complaint on September 21, 2011, alleging that he was denied adequate medical care for his dentures. On February 2, 2012, Defendants Marie Austin and Martin Zoldessy filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #41-#43).[1] Plaintiff filed a response on February 8, 2012 (docket entry #46).

**I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*,

---

[1] Plaintiff's claims against former Defendant Wendy Kelley were dismissed with prejudice on November 30, 2011 (docket entry #18), and his claims against former Defendant John Doe were dismissed without prejudice on January 25, 2012 (docket entry #36).

477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

In their motion, Austin and Zoldessy claim that Plaintiff failed to exhaust his administrative remedies with respect to his claims against them before he filed this lawsuit. Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their claim that Plaintiff failed to exhaust his administrative remedies before he filed this lawsuit, Austin and Zoldessy have provided the declaration of Sherrie Williams, who is the ADC's medical grievance investigator (docket entry #41-4). According to Williams, Plaintiff filed only two grievances from September 21, 2008, to September 21, 2011, and only exhausted one, CU-11-01063. Austin and Zoldessy have provided a copy of that grievance (docket entry #41-3, page #5). Plaintiff did not name Austin or Zoldessy anywhere in the grievance, despite instructions on the form itself directing the inmate to be specific as to, among other things, the "personnel involved." ADC grievance policy also requires grievances to name individuals involved so that a proper investigation and response may be completed (docket entry #41-2, pages #4 & #5). Plaintiff

claims in his response that he is not required to name any specific individual because his grievance was accepted. Although Plaintiff's grievance may have been accepted, and he may have exhausted his grievance regarding his dental care, he did not properly exhaust any claim against Austin or Zoldessy under ADC policy. Importantly, the question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Because Plaintiff failed to properly exhaust any claim against Austin or Zoldessy under ADC policy, Austin and Zoldessy's motion must be granted. In light of this order, Austin and Zoldessey's motion for leave to take Plaintiff's deposition (docket entry #44) is moot.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. The motion for summary judgment filed by Defendants Marie Austin and Martin Zoldessy (docket entry #41) is GRANTED, and Plaintiff's claims against Austin and Zoldessy are DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's complaint is DISMISSED WITH PREJUDICE with respect to his claims against Defendant Wendy Kelley, and DISMISSED WITHOUT PREJUDICE in all other respects.

3. The Court further certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

4. Defendants' motion for leave to take Plaintiff's deposition (docket entry #44) is DENIED AS MOOT.

DATED this   22   day of February, 2012.

UNITED STATES MAGISTRATE JUDGE